fIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED KAIR<br><br>                    PLAINTIFF,<br><br>V.<br><br>BALLY'S PARK PLACE, INC. D/B/A<br>BALLY'S ATLANTIC CITY, ABC<br>CORPORATIONS (1-10), XYZ<br>PARTNERSHIPS, AND JOHN DOES (1-10)<br><br>                    DEFENDANTS, | CASE NO.  1:21-CV-11318 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, Petitioner, Bally's Park Place, LLC d/b/a Bally's Atlantic City (hereinafter "Movant"), by and through its counsel, Reilly, McDevitt & Henrich P.C., hereby removes the above-captioned state court action, currently pending in the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey.  In support of removal, Movant respectfully states as follows:

## BACKGROUND

1. Ahmed Kair ("Plaintiff") filed an action on or about March 15, 2021, Case No. ATL-L-815-21, in the Atlantic County Superior Court (the "State Court Action"), asserting a personal injury cause of action.

2. Movant was served with the Complaint on or about March 29, 2021.

3. The Second Amended Complaint avers that Plaintiff's alleged injuries were caused by a hazard located at Bally's Atlantic City located at 2100 Pacific Ave., Atlantic City, New Jersey, on or about March 31, 2019. See a true and correct copy of Plaintiff's Second Amended Complaint, attached hereto as Exhibit "A." at ¶ 1.

4. Specifically, Plaintiff alleges he was caused to become injured due to a defective condition at Bally's hallway and sustained injuries. Id.

5. Plaintiff's Second Amended Complaint asserts a negligence cause of action against Movant and John Does. See Exhibit "A".

6. Plaintiff's Second Amended Complaint did not plead a specific monetary amount of damages. See Exhibit "A".

7. On or about April 26, 2021 counsel for Plaintiff provide a written statement of the amount of damages indicating that the amount of damages sought was $125,000. See a true and correct copy of the April 26, 2021 correspondence attached hereto as Exhibit "B".

8. Thirty (30) days from receipt of Plaintiff's written statement of damages will be ApMay 26, 2021.

9. Upon Movant's information and belief, no further proceedings have occurred in the State Court Action.

## BASIS FOR REMOVAL

10. Movant has a statutory right to remove cases based upon diversity of citizenship.  28 U.S.C. § 1332.

11. Specifically, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between-- (1) Citizens of different States . . . ."

12. Upon information and belief, Movant states that diversity of citizenship exists between the parties in controversy as follows:

    a.  At the commencement of this action and the filing of the Complaint, upon information and belief, Plaintiff was a citizen of the State of New Jersey, residing in Atlantic City, New Jersey.

    b.  Bally's Park Place, LLC is a citizen of the State of Delaware and the State of Nevada. Specifically, Bally's Park Place LLC is held by Caesars Holding, Inc. as sole member. Caesars Holding, Inc. was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in Nevada.

13. Plaintiff claims that Movant's negligence resulted in him sustaining physical injury as well as other damages. See Exhibit "A".

14. Plaintiff seeks to recover $125,000, in this matter, as Plaintiff has indicated in his April 26, 2021 correspondence.  See Exhibit "B".

15. The thirty-day period for removal is triggered when Defendant first learns that the matter is removable. See Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997); Nero v. Amtrak, 714 F. Supp. 753 (E.D. Pa. 1989); Presidential Dev. & Inv. Corp. v. Travelers Ins. Co., 1989 U.S. Dist. LEXIS 14499, CIV. A. No. 89-6278, 1989 WL 147616 (E.D. Pa. Dec. 5, 1989); Moore v. City of Philadelphia, 1988 U.S. Dist. LEXIS 4339, CIV. A. No. 88-1424, 1988 WL 50382 (E.D. May 16, 1988), appeal dismissed, 865 F.2d 251 (3d Cir. 1988)).

16. Here, the thirty-day period for removal was not triggered until Plaintiff provided a representation of the value of the damages on April 26, 2021. See, Vartanian v. Terzian, 960 F.Supp. 58, 62 (D.N.J 1997).

17. In the instant case, Plaintiff's Complaint does not plead a specific monetary amount,

but Plaintiff indicated that the damages claimed is $125,000. <u>See</u> Exhibit "B".

18. Movant filed this Notice of Removal within thirty (30) days of receiving Plaintiff's response to the request for the statement of damages.

19. Therefore, this Court may properly remove the State Court Action based on diversity jurisdiction.

20. This Notice of Removal was not filed more than one year after commencement of the action.  28 U.S.C. § 1446(b).

21. The United States District Court for the District of New Jersey has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of diversity jurisdiction of Plaintiffs and Movant as set forth with greater particularity above.

22. Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a), as this action is presently pending in the Superior Court of New Jersey, Law Division, Atlantic County, located within the District of New Jersey.

23. In the interest of judicial economy and the fair adjudication of claims brought before the Court, Movant seeks removal to this Court.

24. A written notice of the filing of this Notice of Removal has been given to all parties in accordance with as required by 28 U.S.C. §1446(d).

25. Promptly after filing in this court and the assignment of a civil action number, a true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the Superior Court of New Jersey, Law Division, Atlantic County, as required by U.S.C. § 1446(d).  A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "C."

**WHEREFORE**, Movant, Bally's Park Place, LLC d/b/a Bally's Atlantic City respectfully requests that it may affect the removal of this action from the Superior Court of New Jersey, Law Division, Atlantic County to the United States District Court of New Jersey.

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: __ /s/ *Christine J. Viggiano*

Christine J. Viggiano
Damian S. Jackson
Attorneys for Defendant,
Bally's Park Place, LLC d/b/a Bally's Atlantic City

## <u>CERTIFICATION</u>

I certify that a true copy of the Plaintiff's Second Amended Complaint filed in the Superior Court of New Jersey, County of Atlantic is attached hereto as Exhibit "A."  A copy of Plaintiff's April 26. 2021 correspondence is attached as Exhibit "B".  A copy of the notice to be provided to the Superior Court is attached hereto as Exhibit "C." A copy of all pleadings, process, and orders served on Bally's as required by 28 U.S.C. § 1446(a), are attached as Exhibit "D".

Respectfully submitted,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: __ /s/ *Christine J. Viggiano*

    Christine J. Viggiano
    Damian S. Jackson
    Attorneys for Defendant,
    Bally's Park Place, LLC d/b/a Bally's Atlantic City

Dated:  5/17/2021

## CERTIFICATE OF SERVICE AND FILING

I, Christine J. Viggiano, Esquire, attorney for Defendant, Bally's Park Place, LLC d/b/a

Bally's Atlantic City, hereby certify that I served a true copy of the foregoing Notice of Removal

via United States Regular mail on this date to the parties listed below:

**Plaintiff Counsel**
Robert S. Shiekman, Esq.
Law Offices of Keith Zaid, P.A.
1548 Atlantic Ave.
Atlantic City, NJ 08401

By: __ /s/ *Christine J. Viggiano*

Christine J. Viggiano
Damian S. Jackson
Attorneys for Defendant,
Bally's Park Place, LLC d/b/a Bally's Atlantic City

Dated:  5/17/2021

EXHIBIT "A"

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

---

|  |  |
|---|---|
| AHMED KAIR,<br><br>             Plaintiff,<br><br>v.<br><br>BALLY'S PARK PLACE, LLC D/B/A<br>BALLY'S ATLANTIC CITY;<br>ABC CORPORATIONS; XYZ<br>PARTNERSHIPS, and JOHN DOES 1-50<br>(said names being fictitious, jointly,<br>severally or in the alternative),<br>             Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-815-21<br><br><br>**Civil Action**<br>**SECOND AMENDED COMPLAINT** |

---

Plaintiff, Ahmed Kair, residing at ███████████, City of Atlantic City, State of New Jersey, by way of Complaint, says:

## FIRST COUNT

1.     On or about March 31, 2019, plaintiff, Ahmed Kair, was lawfully on the premises of defendants Bally's Park Place, LLC d/b/a Bally's Atlantic City, ABC Corporations, XYZ Partnerships, and John Does 1-50, located at 2100 Pacific Ave., City of Atlantic City, State of New Jersey, and was caused to become injured due to defective conditions including, but not limited to, at least one of the seats and/or the flooring the seat was connected to on the property owned and maintained by the aforesaid defendants at that location. (Defendants Bally's Park Place, LLC d/b/a Bally's Atlantic City, ABC

Page **1** of **5**

Corporations, XYZ Partnerships, and John Does 1-50 are hereinafter collectively referred to as "Defendants").

2.      Defendants were negligent in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warnings on the premises; failed to provide proper safe and clear access to persons allowed and invited to use the premises; failed to provide a safe area of ingress and egress; failed to correct a known defect in the premises; and were otherwise negligent.

3.      As a direct and proximate result of the negligence of Defendants, as aforesaid, plaintiff was injured and became disabled; he received injuries of a temporary and permanent character to various parts of his body including, but not limited to, his back and knees; was obliged to expend sums of money for medical and hospital treatment and will in the future incur medical and hospital treatment will in the future incur medical and hospital expenses for treatment of his injuries; he was unable to engage in his usual and customary daily vocation and activities; he has endured and will continue to endure great pain and suffering, and has been permanently injured and disabled.

4.      Defendants, ABC Corporation, XYZ Partnerships and John Does 1-50 are fictitious name designations, whose identities are unknown at this time but who may become known through continuing discovery and may be determined to be wholly or partially responsible to plaintiff for the defective condition and negligence that caused her to become injured.

        **WHEREFORE,** Plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats and re-alleges the First Count as if set forth herein at length.

2.      Defendants improperly constructed and/or maintained the premises which caused plaintiff to become injured.

   **WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and re-alleges the First and Second Counts as if set forth herein at length.

2.      Defendants were under a duty to provide a safe place for the plaintiff and to provide supervision and security of the aforementioned premises and were under a duty to exercise care in protecting the safety and well-being of the plaintiff.

3.      Defendants, through their agents, servants and/or employees, negligently supervised the aforementioned premises.

   **WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second and Third Counts as if set forth herein at length.

2.      Defendants negligently designed the premises which caused plaintiff to become injured.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FIFTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third and Fourth Counts as if set forth herein at length.

2.      Defendants expressly and impliedly warranted the premises as a suitable place to be used for the purposes for which it was intended and was used and which said warranties were breached.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## SIXTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third, Fourth and Fifth Counts as if set forth herein at length.

2.      Plaintiff alleges that the theory or res ipsa loquitur applies and that the Defendants are culpable and negligent by reason of same and hence liable to plaintiff.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: May 17, 2021

/s/ Keith E. Zaid, Esquire
_____
KEITH E. ZAID, ESQUIRE

## JURY DEMAND

Page **4** of **5**

Plaintiff demands a trial by jury.

## **TRIAL ATTORNEY DESIGNATION**

Robert S. Shiekman, Esq. is hereby designated as trial attorney in the above-captioned matter for the firm of Keith E. Zaid, P.A. pursuant to R. 4:25, et seq.

## **CERTIFICATION**

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: May 17, 2021

/s/ Keith E. Zaid, Esquire
_____
KEITH E. ZAID, ESQUIRE

| | |
|---|---|
| AHMED KAIR, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION |
| | ATLANTIC COUNTY |
| v. | DOCKET NO.: ATL-L-815-21 |
| BALLY'S PARK PLACE, INC. D/B/A | |
| BALLY'S ATLANTIC CITY; | |
| CAESER'S ENTERTAINMENT CORP.; | |
| ABC CORPORATIONS; XYZ | |
| PARTNERSHIPS, and JOHN DOES 1-50 | **Civil Action** |

AHMED KAIR,

          Plaintiff,

v.

BALLY'S PARK PLACE, INC. D/B/A
BALLY'S ATLANTIC CITY;
CAESER'S ENTERTAINMENT CORP.;
ABC CORPORATIONS; XYZ
PARTNERSHIPS, and JOHN DOES 1-50

(said names being fictitious, jointly,

severally or in the alternative),

          Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ATLANTIC COUNTY

DOCKET NO.: ATL-L-815-21

<u>Civil Action</u>

**ORDER ALLOWING THE FILING OF
SECOND AMENDED COMPLAINT WITHIN
20 DAYS**

      **THIS MATTER** having come before the Court upon the application of Robert S. Shiekman, Esquire, of the Law Offices of Keith E. Zaid, P.A., attorneys for Plaintiff, Ahmed Kair, for an Order permitting Leave to File a Second Amended Complaint; and the Court having considered the moving papers, without any opposition filed thereto; and good cause appearing and for the reasons set forth in the attached opinion;

      **IT IS** on this 17th day of May, 2021,**ORDERED AND ADJUDGED** that plaintiff Ahmed Kair's motion for Leave to File a Second Amended Complaint is hereby granted; and it is further,

      **ORDERED** that plaintiff shall filed the second amended complaint within the next 20 days; and it is further

      **ORDERED** that this Order has been served upon all parties via E-Courts.

                                     _____

                        HONORABLE JAMES P. SAVIO, J.S.C.

NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE COMMITTEE ON OPINIONS

| | | |
|---|---|---|
| Ahmed Kair, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-815-21 |
| | : | |
| Bally's Park Place, Inc., d/b/a Bally's Atlantic City, et al., | : | CIVIL ACTION |
| | : | |
| | : | OPINION |
| Defendants. | : | |
| | : | |

Plaintiff, Ahmed Kair, brings this motion seeking to amend the Complaint. The Complaint was filed on March 12, 2021. This is a personal injury action filed as the result of an incident that occurred on March 31, 2019, when plaintiff apparently fell on Defendant's premise. On March 19, 2021, Plaintiff filed an Amended Complaint. On April 23, 2021, Plaintiff filed this motion to amend the Complaint for a second time. None of the Defendants have filed an Answer.

R. 4:9-1 provides:

A party may amend any pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served, and the action has not been placed upon the trial calendar, at any time within 90 days after it is served. Thereafter a party may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice. A motion for leave to amend shall have annexed thereto a copy of the proposed amended pleading. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 20 days after service of the amended pleading, whichever period is longer, unless the court otherwise orders.

The rule contemplates a liberal standard for the amendment of pleadings, "which shall be freely given in the interest of justice." R. 4:9-1; See also; Kernan v. One Washington Park Urban Renewal Associates, 154 N.J. 437, 456-457 (1998) (leave to amend is to be liberally granted without consideration of the ultimate merits); Coastal Group, Inc. v. Dryvit Systems, Inc., 274 N.J.

Super. 171, 180 (App. Div. 1994) (leave to amend to be liberally exercised at any stage of the proceedings). The plaintiff has attached a copy of the proposed Amended Complaint in compliance with the rule.

The motion judge must engage in a two-step evaluation, weighing "whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile."  Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). Where "the amendment is so meritless that a motion to dismiss . . . would have to be granted," a judge may deny the motion to amend under "the so-called futility prong of the analysis." Pressler & Verniero, Current N.J. Court Rules, comment 2.2.1 on R. 4:9-1 (2014).

The Court is satisfied at this juncture that the non-moving parties will not be prejudiced and that there has been no showing that the amendment would be futile.  Accordingly, Plaintiff's motion to file a second amended complaint is granted. The Second Amended Complaint shall be filed and served no later than twenty days after this decision.

An appropriate Order has been entered. Conformed copies will accompany this opinion. A copy of the Order and a copy of this opinion shall be served on all counsel of record within the next seven days.

James P. Savio, J.S.C.

EXHIBIT "B"

### KEITH E. ZAID, P.A.
**A Professional Corporation**
*ATTORNEY AT LAW*
_____

**By Appointment:**
**1907 New Road**
**Northfield, NJ 08225**
**(609) 926-8611**

*1548 Atlantic Avenue*
*Atlantic City, New Jersey 08401*
*(609) 347-1159*
*FAX (609) 348-4410*
*\*Reply to Atlantic City Office*

**By Appointment:**
**19 Phelps Ave., 3rd Fl.**
**Tenafly, NJ 07670**
**(201) 569-5335**

**\* Keith E. Zaid, Esq.**
keith@keithzaidpa.com

**\* Robert S. Shiekman, Esq.**
robert@keithzaidpa.com

April 26, 2021

Christine J. Viggiano., Esquire
Reilly, McDevitt & Henrich, P.C.
3 Executive Campus, Suite 310
Cherry Hill, New Jersey 08002
 VIA EMAIL ONLY

**RE: Kair v. Bally's Park Place, Inc. d/b/a Bally's Atlantic City, et als.**
**DOCKET NO.: ATL-L-815-21**

Dear Ms. Viggiano:

This firm represents Ahmed Kair, the plaintiff in the above-referenced action.

In response to your demand for a written statement of damages claimed pursuant to Rule 4:5-2, plaintiff demands One Hundred Twenty-Five Thousand Dollars ($125,000.00).

Very truly yours,
Law Offices of Keith E. Zaid, P.A.

/s/ Robert S. Shiekman

ROBERT S. SHIEKMAN

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **AHMED KAIR**<br><br>                        **PLAINTIFF,**<br><br>**V.**<br><br>**BALLY'S PARK PLACE, INC. D/B/A BALLY'S ATLANTIC CITY, ABC CORPORATIONS (1-10), XYZ PARTNERSHIPS, AND JOHN DOES (1-10)**<br><br>                        **DEFENDANTS,** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ATLANTIC COUNTY**<br><br>**DOCKET NO.  ATL-L-815-21** |

**PRAECIPE TO FILE NOTICE OF REMOVAL**

            **TO:**

Robert S. Shiekman, Esq.                    Clerk
Law Offices of Keith Zaid, P.A.             Atlantic County Superior Court
1548 Atlantic Ave.                          1201 Bacharach Blvd
Atlantic City, NJ 08401                     Atlantic City, NJ 08401

        PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sect. 1446, Bally's Park Place, LLC

d/b/a Bally's Atlantic City, Defendant in the above captioned matter, has on May 17, 2021, filed

its Notice of Removal, a copy of which is attached hereto, in the office of the Clerk, United States

District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse 4th

& Cooper Streets, Room 1050, Camden, NJ 08101.

                        Respectfully submitted,

                        **REILLY, MCDEVITT & HENRICH, P.C.**

                        By: __ /s/ *Christine J. Viggiano*

                                Christine J. Viggiano
                                Damian S. Jackson
                                Attorneys for Defendant,
                                Bally's Park Place, LLC d/b/a Bally's
                                Atlantic City

Dated:

# EXHIBIT "D"

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

| | |
|---|---|
| AHMED KAIR, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION |
| | ATLANTIC COUNTY |
| v. | DOCKET NO.: ATL-L- |
| BALLY'S PARK PLACE, INC.; | |
| CAESER'S ENTERTAINMENT CORP.; | |
| ABC CORPORATIONS; XYZ | **Civil Action** |
| PARTNERSHIPS, and JOHN DOES 1-50 | **COMPLAINT** |
| (said names being fictitious, jointly, | |
| severally or in the alternative), | |
| Defendants. | |

Plaintiff, Ahmed Kair, residing at ███████████, City of Atlantic City,

State of New Jersey, by way of Complaint, says:

## **FIRST COUNT**

1.      On or about March 31, 2019, plaintiff, Ahmed Kair, was lawfully on the premises

of defendants Bally's Park Place, Inc., Caeser's Entertainment Corp., ABC Corporations,

XYZ Partnerships, and John Does 1-50, located at 2100 Pacific Ave., City of Atlantic

City, State of New Jersey, and was caused to become injured due to the defective

condition of the property owned and maintained by the aforesaid defendants at that

location. (Defendants Bally's Park Place, Inc., Caeser's Entertainment Corp., ABC

Corporations, XYZ Partnerships, and John Does 1-50 are hereinafter collectively referred to as "Defendants").

2.      Defendants were negligent in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warnings on the premises; failed to provide proper safe and clear access to persons allowed and invited to use the premises; failed to provide a safe area of ingress and egress; failed to correct a known defect in the premises; and were otherwise negligent.

3.      As a direct and proximate result of the negligence of Defendants, as aforesaid, plaintiff was injured and became disabled; he received injuries of a temporary and permanent character; was obliged to expend sums of money for medical and hospital treatment and will in the future incur medical and hospital treatment will in the future incur medical and hospital expenses for treatment of his injuries; he was unable to engage in his usual and customary daily vocation and activities; he has endured and will continue to endure great pain and suffering, and has been permanently injured and disabled.

4.      Defendants, ABC Corporation, XYZ Partnerships and John Does 1-50 are fictitious name designations, whose identities are unknown at this time but who may become known through continuing discovery and may be determined to be wholly or partially responsible to plaintiff for the defective condition and negligence that caused her to become injured.

        **WHEREFORE,** Plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats and re-alleges the First Count as if set forth herein at length.

2.      Defendants improperly constructed and/or maintained the premises which caused plaintiff to become injured.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and re-alleges the First and Second Counts as if set forth herein at length.

2.      Defendants were under a duty to provide a safe place for the plaintiff and to provide supervision and security of the aforementioned premises and were under a duty to exercise care in protecting the safety and well-being of the plaintiff.

3.      Defendants, through their agents, servants and/or employees, negligently supervised the aforementioned premises.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second and Third Counts as if set forth herein at length.

2.      Defendants negligently designed the premises which caused plaintiff to become injured.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages,

interest and costs of suit.

## FIFTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third and Fourth Counts as
if set forth herein at length.

2.      Defendants expressly and impliedly warranted the premises as a suitable place
to be used for the purposes for which it was intended and was used and which said
warranties were breached.

        **WHEREFORE**, plaintiff demands Judgment against the Defendants for damages,
interest and costs of suit.

## SIXTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third, Fourth and Fifth Counts
as if set forth herein at length.

2.      Plaintiff alleges that the theory or res ipsa loquitur applies and that the Defendants
are culpable and negligent by reason of same and hence liable to plaintiff.

        **WHEREFORE**, plaintiff demands Judgment against the Defendants for
damages, interest and costs of suit.

                                        Law Offices of Keith E. Zaid, P.A.
                                        Attorneys for the Plaintiff
Dated: March 12, 2021

                                         /s/ Keith E. Zaid, Esquire
                                        _____
                                        KEITH E. ZAID, ESQUIRE

## JURY DEMAND

        Plaintiff demands a trial by jury.

                                                        Page **4** of **5**

**TRIAL ATTORNEY DESIGNATION**

Robert S. Shiekman, Esq. is hereby designated as trial attorney in the above-captioned matter for the firm of Keith E. Zaid, P.A. pursuant to R. 4:25, et seq.

**CERTIFICATION**

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: March 12, 2021

/s/ Keith E. Zaid, Esquire
KEITH E. ZAID, ESQUIRE

Page **5** of **5**

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000815-21

**Case Caption:** KAIR AHMED  VS BALLY'S PARK PLACE, INC.

**Case Initiation Date:** 03/12/2021

**Attorney Name:** ROBERT S SHIEKMAN

**Firm Name:** KEITH E. ZAID, PA

**Address:** 1548 ATLANTIC AVE

ATLANTIC CITY NJ 08401

**Phone:** 6093471159

**Name of Party:** PLAINTIFF : Kair, Ahmed

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Ahmed Kair? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
> **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
> **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/12/2021

Dated

/s/ ROBERT S SHIEKMAN

Signed

ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   MARCH 12, 2021
                    RE:     KAIR AHMED  VS BALLY'S PARK PLACE,  INC.
                    DOCKET: ATL L -000815 21


      THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

      DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

       IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (609) 402-0100 EXT 47790.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                         ATT: ROBERT S. SHIEKMAN
                         KEITH E. ZAID, PA
                         1548 ATLANTIC AVE
                         ATLANTIC CITY    NJ 08401


ECOURTS

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

| | |
|---|---|
| AHMED KAIR,<br><br>                   Plaintiff,<br><br>v.<br><br>BALLY'S PARK PLACE, INC. D/B/A<br>BALLY'S ATLANTIC CITY;<br>CAESER'S ENTERTAINMENT CORP.;<br>ABC CORPORATIONS; XYZ<br>PARTNERSHIPS, and JOHN DOES 1-50<br>(said names being fictitious, jointly,<br>severally or in the alternative),<br>                   Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-815-21<br><br><br><br><u>Civil Action</u><br>**FIRST AMENDED COMPLAINT** |

     Plaintiff, Ahmed Kair, residing at ████████████, City of Atlantic City,

State of New Jersey, by way of Complaint, says:

## <u>FIRST COUNT</u>

1.     On or about March 31, 2019, plaintiff, Ahmed Kair, was lawfully on the premises

of defendants Bally's Park Place, Inc. d/b/a Bally's Atlantic City, Caeser's Entertainment

Corp., ABC Corporations, XYZ Partnerships, and John Does 1-50, located at 2100

Pacific Ave., City of Atlantic City, State of New Jersey, and was caused to become

injured due to the defective condition of the property owned and maintained by the

aforesaid defendants at that location. (Defendants Bally's Park Place, Inc. d/b/a Bally's

Page **1** of **5**

Atlantic City, Caeser's Entertainment Corp., ABC Corporations, XYZ Partnerships, and John Does 1-50 are hereinafter collectively referred to as "Defendants").

2.      Defendants were negligent in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warnings on the premises; failed to provide proper safe and clear access to persons allowed and invited to use the premises; failed to provide a safe area of ingress and egress; failed to correct a known defect in the premises; and were otherwise negligent.

3.      As a direct and proximate result of the negligence of Defendants, as aforesaid, plaintiff was injured and became disabled; he received injuries of a temporary and permanent character; was obliged to expend sums of money for medical and hospital treatment and will in the future incur medical and hospital treatment will in the future incur medical and hospital expenses for treatment of his injuries; he was unable to engage in his usual and customary daily vocation and activities; he has endured and will continue to endure great pain and suffering, and has been permanently injured and disabled.

4.      Defendants, ABC Corporation, XYZ Partnerships and John Does 1-50 are fictitious name designations, whose identities are unknown at this time but who may become known through continuing discovery and may be determined to be wholly or partially responsible to plaintiff for the defective condition and negligence that caused her to become injured.

        **WHEREFORE,** Plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats and re-alleges the First Count as if set forth herein at length.

2.      Defendants improperly constructed and/or maintained the premises which caused plaintiff to become injured.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and re-alleges the First and Second Counts as if set forth herein at length.

2.      Defendants were under a duty to provide a safe place for the plaintiff and to provide supervision and security of the aforementioned premises and were under a duty to exercise care in protecting the safety and well-being of the plaintiff.

3.      Defendants, through their agents, servants and/or employees, negligently supervised the aforementioned premises.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second and Third Counts as if set forth herein at length.

2.      Defendants negligently designed the premises which caused plaintiff to become injured.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages,

interest and costs of suit.

## FIFTH COUNT

1.     Plaintiff repeats and re-alleges the First, Second, Third and Fourth Counts as if set forth herein at length.

2.     Defendants expressly and impliedly warranted the premises as a suitable place to be used for the purposes for which it was intended and was used and which said warranties were breached.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## SIXTH COUNT

1.     Plaintiff repeats and re-alleges the First, Second, Third, Fourth and Fifth Counts as if set forth herein at length.

2.     Plaintiff alleges that the theory or res ipsa loquitur applies and that the Defendants are culpable and negligent by reason of same and hence liable to plaintiff.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: March 19, 2021

   /s/ Keith E. Zaid, Esquire
KEITH E. ZAID, ESQUIRE

## JURY DEMAND

Plaintiff demands a trial by jury.

Page **4** of **5**

**TRIAL ATTORNEY DESIGNATION**

Robert S. Shiekman, Esq. is hereby designated as trial attorney in the above-captioned matter for the firm of Keith E. Zaid, P.A. pursuant to R. 4:25, et seq.

**CERTIFICATION**

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: March 19, 2021

/s/ Keith E. Zaid, Esquire
KEITH E. ZAID, ESQUIRE

Page **5** of **5**

### KEITH E. ZAID, P.A.
**A Professional Corporation**
*ATTORNEY AT LAW*

**By Appointment:**
**1907 New Road**
**Northfield, NJ 08225**
**(609) 926-8611**

**By Appointment:**
**19 Phelps Ave., 3rd Fl.**
**Tenafly, NJ 07670**
**(201) 569-5335**

\* **Keith E. Zaid, Esq.**
keith@keithzaidpa.com

*1548 Atlantic Avenue*
*Atlantic City, New Jersey 08401*
*(609) 347-1159*
*FAX (609) 348-4410*
*\*Reply to Atlantic City Office*

\* **Robert S. Shiekman, Esq.**
robert@keithzaidpa.com

March 19, 2021

Clerk of the Law Division
Superior Court of Atlantic County
1201 Bacharach Blvd.
Atlantic City, NJ 08401

**RE: Kair v. Bally's Park Place, Inc. d/b/a Bally's Atlantic City, et als.**
**DOCKET NO.: ATL-L-815-21**

Dear Sir or Madam:

    This firm represents Ahmed Kair, the plaintiff in the above-referenced action.

    Please find a First Amended Complaint attached for filing.  The only changes are in the case caption and first paragraph. Specifically, Bally's Park Place Inc. has been modified to read "Bally's Park Place, Inc. d/b/a Bally's Atlantic City" in both places.

    Thank you for your attention to this matter.

Very truly yours,
Law Offices of Keith E. Zaid, P.A.

/s/ Robert S. Shiekman

ROBERT S. SHIEKMAN

First Amended Complaint enclosed as an upload

DocuSign Envelope ID: 2C0D0048-FD2E-420D-90EA-46B6F5C420C4

AHMED KAIR

Plaintiff

vs

BALLY'S PARK PLACE, INC. D/B/A BALLY'S ATLANTIC CITY, ET AL

Defendant

20210326131146

Superior Court Of New Jersey

ATLANTIC Venue

Docket Number: ATL L 815 21

**Person to be served** (Name and Address):
BALLY'S PARK PLACE, INC. D/B/A BALLY'S ATLANTIC CITY
777 HARRAHS BLVD
ATLANTIC CITY  NJ  08401
**By serving:** BALLY'S PARK PLACE, INC. D/B/A BALLY'S ATLANTIC CITY

**Attorney:** KEITH E. ZAID, ESQ.

**Papers Served:** SUMMONS AND FIRST AMENDED COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, CERTIFICATION

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     __3/29/2021 12:54 PM__          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

DINA BROWN  _____

LEGAL DEPT.  _____

**Description of Person Accepting Service:**

SEX:_F___  AGE:_51-65_  HEIGHT: _5'0"-5'3"_     WEIGHT: _131-160 LBS._     SKIN:_WHITE_          HAIR:_BROWN_   OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                                 Date/Time: _____
                                 Date/Time: _____

Other:
ALL PROCESS GOES TO LEGAL

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this

_____ day of _____, 20 _____

Notary Signature:_____

_____     _____
   Name of Notary               Commission Expiration

Docusign Court Approved E-Signature

I, PETER CERRUTO,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*PETER CERRUTO*
F95233524B534E5...
Signature of Process Server                    __03/29/2021__
                                                          Date

Name of Private Server: **PETER CERRUTO**  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

DocuSign Envelope ID: C134B865-DACF-42E7-AE99-808730B6BB19

AHMED KAIR

Plaintiff

vs

BALLY'S PARK PLACE, INC. D/B/A BALLY'S ATLANTIC CITY, ET AL

Defendant

20210326130813

Superior Court Of New Jersey

ATLANTIC Venue

Docket Number: ATL L 815 21

**Person to be served** (Name and Address):
CAESARS ENTERTAINMENT CORP.
777 HARRAHS BLVD
ATLANTIC CITY  NJ  08401
**By serving:** CAESARS ENTERTAINMENT CORP.

**Attorney:** KEITH E. ZAID, ESQ.

**Papers Served:** SUMMONS AND FIRST AMENDED COMPLAINT, CIS, TRACK
ASSIGNMENT NOTICE, CERTIFICATION

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

**Service Data:**     [X] Served Successfully          [ ] Not Served

Date/Time:     3/29/2021 12:55 PM          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship/title:

DINA BROWN

LEGAL DEPT.

**Description of Person Accepting Service:**

SEX:F___   AGE:51-65   HEIGHT: 5'0"-5'3"     WEIGHT: 131-160 LBS.     SKIN:WHITE          HAIR:BROWN     OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                              Date/Time: _____
                              Date/Time: _____

Other:
ALL PROCESS GOES TO LEGAL

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____      _____
   Name of Notary              Commission Expiration

Docusign Court Approved E-Signature

I, PETER CERRUTO,
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

*PETER CERRUTO*
541B0435C42B465          03/29/2021
Signature of Process Server          Date

Name of Private Server: PETER CERRUTO   Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

**REILLY, MCDEVITT, & HENRICH, P.C.**
**BY: DAMIAN S. JACKSON, ESQUIRE**
**IDENTIFICATION NO.: 359692020**
**BY: CHRISTINE J. VIGGIANO, ESQUIRE**
**IDENTIFICATION NO.: 143402015**
**3 EXECUTIVE CAMPUS, SUITE 310**
**CHERRY HILL, NEW JERSEY 08002**
**(856) 317-7180**

| | |
|---|---|
| **AHMED KAIR,**<br><br>              **PLAINTIFF,**<br><br>    **vs.**<br><br>**BALLY'S PARK PLACE, INC. D/B/A BALLY'S ATLANTIC CITY; CAESAR'S ENTERTAINMENT CORP.; ABC CORPORATIONS; XYZ PARTNERSHIPS, AND JOHN DOES 1-50 (SAID NAMES BEING FICTITIOUS, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE),**<br><br>          **DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**ATLANTIC COUNTY**<br><br>**DOCKET NO. ATL-L-000815-21**<br><br>**Civil Action**<br><br>**NOTICE OF MOTION** |

**TO:**    Keith E. Zaid, Esq.
        Robert S. Shiekman, Esq.
        Keith E. Zaid, P.A.
        1548 Atlantic Avenue
        Atlantic City, New Jersey 08401

      **PLEASE TAKE NOTICE** that on May 14, 2021 at 9:00 in the forenoon or as soon thereafter as counsel may be heard, the undersigned attorneys for the Defendant, Bally's Park Place, Inc. d/b/a Bally's Atlantic City and Caesar's Entertainment Corp., shall apply to the Superior Court of New Jersey, Law Division, Atlantic County, for an Order dismissing Plaintiff's Complaint with prejudice.

      **PLEASE TAKE FURTHER NOTICE**, that the movant supports this Motion with the attached brief of Christine J. Viggiano, Esq.

A proposed form of Order is annexed hereto pursuant to R.1:6-2(a).

Oral Argument is requested if the Motion is timely opposed.

Respectfully submitted,

**REILLY, MCDEVITT, &**
**HENRICH, P.C**

By:  *Christine J. Viggiano*

        Damian S. Jackson, Esquire
        Christine J. Viggiano, Esquire
        Attorneys for Defendant, Bally's
        Park Place, Inc. d/b/a Bally's
        Atlantic City and Caesars
        Entertainment Corp.

Dated: 4/15/2021

**REILLY, MCDEVITT, & HENRICH, P.C.**
**BY: DAMIAN S. JACKSON, ESQUIRE**
**IDENTIFICATION NO.: 359692020**
**BY: CHRISTINE J. VIGGIANO, ESQUIRE**
**IDENTIFICATION NO.: 143402015**
**3 EXECUTIVE CAMPUS, SUITE 310**
**CHERRY HILL, NEW JERSEY 08002**
**(856) 317-7180**

| | |
|---|---|
| **AHMED KAIR,**<br><br>                             **PLAINTIFF,**<br>     **vs.**<br><br>**BALLY'S PARK PLACE, INC. D/B/A**<br>**BALLY'S ATLANTIC CITY; CAESAR'S**<br>**ENTERTAINMENT CORP.; ABC**<br>**CORPORATIONS; XYZ PARTNERSHIPS,**<br>**AND JOHN DOES 1-50 (SAID NAMES**<br>**BEING FICTITIOUS, JOINTLY,**<br>**SEVERALLY OR IN THE ALTERNATIVE),**<br><br>                           **DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**ATLANTIC COUNTY**<br><br>**DOCKET NO. ATL-L-000815-21**<br><br>**Civil Action**<br><br>**ORDER DISMISSING PLAINTIFF'S**<br>**COMPLAINT WITH PREJUDICE** |

     **THIS MATTER** having been submitted to the Court by Reilly, McDevitt, & Henrich,

P.C., attorneys for Defendant, Bally's Park Place, Inc. d/b/a Bally's Atlantic City and Caesar's

Entertainment Corp, pursuant to R.1:6-2, and the Court having reviewed the moving papers and

for GOOD CAUSE having been shown;

     **IT IS** on this         , day of           , 2021,

     **ORDERED** and **DECREED** that Defendant, Bally's Park Place, Inc. d/b/a Bally's

Atlantic City and Caesar's Entertainment Corp.'s Motion is **GRANTED** and Plaintiff's

Complaint is hereby dismissed in its entirety with prejudice; and it is

     **FURTHER ORDERED** that service of a copy of this Order shall be deemed effectuated

by the Court upon its successful upload to e-Courts.

_____
, J.S.C.

**REILLY, MCDEVITT, & HENRICH, P.C.**
**BY: DAMIAN S. JACKSON, ESQUIRE**
**IDENTIFICATION NO.: 359692020**
**BY: CHRISTINE J. VIGGIANO, ESQUIRE**
**IDENTIFICATION NO.: 143402015**
**3 EXECUTIVE CAMPUS, SUITE 310**
**CHERRY HILL, NEW JERSEY 08002**
**(856) 317-7180**

| | |
|---|---|
| **AHMED KAIR,**<br><br>                    **PLAINTIFF,**<br><br>    vs.<br><br>**BALLY'S PARK PLACE, INC. D/B/A**<br>**BALLY'S ATLANTIC CITY; CAESAR'S**<br>**ENTERTAINMENT CORP.; ABC**<br>**CORPORATIONS; XYZ PARTNERSHIPS,**<br>**AND JOHN DOES 1-50 (SAID NAMES**<br>**BEING FICTITIOUS, JOINTLY,**<br>**SEVERALLY OR IN THE ALTERNATIVE),**<br><br>                    **DEFENDANTS.** | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION**<br>**ATLANTIC COUNTY**<br><br>**DOCKET NO. ATL-L-000815-21**<br><br>**Civil Action**<br><br>**MOTION TO DISMISS WITH**<br>**PREJUDICE FOR FAILURE TO**<br>**STATE A CLAIM** |

**DEFENDANTS, BALLY'S PARK PLACE, INC. d/b/a BALLY'S ATLANTIC CITY and**
**CAESAR'S ENTERTAINMENT CORP.'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**

Christine J. Viggiano, Esq.
On the Brief

1

## **LEGAL ARGUMENT**

Rule 4:6-2(e) provides an avenue for Defendants to Motion the Court to dismiss Plaintiff's Complaint based upon Plaintiff's failure to state a claim upon which relief can be granted. If a Motion is made raising this defense, it shall be made before pleading if a further pleading is to be made <u>R</u>. 4:6-2.

As to the standard informing decision on a motion to dismiss for failure to state a claim, the Complaint must "be searched to determine whether a cause of action can be found within its four corners." <u>Van Natta Mech. Corp. v. Di Staulo</u>, 277 N.J. Super. 175, 180 (App. Div. 1994). The judicial inquiry is "confined to a consideration of the legal sufficiency of the alleged facts apparent on the face of the challenged claim." <u>Rieder v. New Jersey Dep't of Transp.</u>, 221 N.J. Super. 547, 552 (App. Div. 1987). "[T]he essential facts supporting Plaintiff's cause of action must be presented in order for the claim to survive; conclusory allegations are insufficient in that regard." <u>Scheidt v. DRS Technologies, Inc.</u>, 424 N.J. Super. 188, 193 (citing <u>Printing Mart v. Sharp Electronics</u>, 116 N.J. 739, 768 (1989)). Under this standard, New Jersey courts have dismissed purported claims where the allegations reflected that no cause of action existed as a matter of law. <u>Decker v. Princeton Packet</u>, 116 N.J. 418 (1989).

In the instant matter, it is clear that Plaintiff's Complaint cannot withstand the scrutiny applied by our precedent. Remarkably, Plaintiff's six (6) Count Complaint (Annexed hereto as **Exhibit A**) merely alleges that Plaintiff suffered injury on or about March 31, 2019 and Defendant was negligent because the premises was in an unsafe condition. Plaintiff's Complaint entirely fails to allege even a single fact as to what the defective condition was, how Plaintiff was injured, how Defendant was negligent, or what type of injury the Plaintiff sustained. Even the most liberal and imaginative reading of Plaintiff's Complaint could not possibly extract a cognizable cause of action.

The Court in <u>Scheidt</u> held that the essential facts supporting Plaintiff's cause of action must be presented in order for the claim to survive and that conclusory allegations are insufficient to overcome this fact. The only cognizable alleged fact that Plaintiff has put forward is the date in which the incident happened and the extraordinarily broad fact that Plaintiff suffered an alleged injury. Based upon those obviously insufficient facts, Plaintiff makes the conclusory allegation that Defendant was in some fashion

2

negligent. The Complaint fails to state, among other things, how and why Defendant was negligent, how Plaintiff suffered an injury, and what injury Plaintiff suffered. Based on this fact, this Court can properly determine that no cognizable cause of action has been asserted.

Therefore, it is respectfully submitted that Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim with prejudice be GRANTED.

Respectfully submitted,

**REILLY, MCDEVITT, &
HENRICH, P.C**

By: *Christine J. Viggiano*
   Damian S. Jackson, Esquire
   Christine J. Viggiano, Esquire
   Attorneys for Defendant, Bally's
   Park Place, Inc. d/b/a Bally's
   Atlantic City and Caesars
   Entertainment Corp.

Dated: 4/15/2021

3

## CERTIFICATE OF SERVICE

I, Christine J. Viggiano, Esquire, hereby certify that a true and correct copy of Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice for Failure to State a Claim was served upon all counsel of record via the Court's electronic filing system, and First Class Mail.

**REILLY, MCDEVITT & HENRICH, P.C.**

Dated:  April 15, 2021          BY:  /s/ *Christine J. Viggiano*
                                         Damian S. Jackson, Esquire
                                         Christine J. Viggiano, Esquire
                                         Attorneys for Defendant, Bally's Park Place,
                                         Inc. d/b/a Bally's Atlantic City and Caesars
                                         Entertainment Corp.

EXHIBIT "A"

LEGAL DEPARTMENT

MAR 2 9 20

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

| | |
|---|---|
| AHMED KAIR, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION |
| | ATLANTIC COUNTY |
| v. | DOCKET NO.: ATL-L-815-21 |
| BALLY'S PARK PLACE, INC. D/B/A | |
| BALLY'S ATLANTIC CITY; | |
| CAESER'S ENTERTAINMENT CORP.; | |
| ABC CORPORATIONS; XYZ | **Civil Action** |
| PARTNERSHIPS, and JOHN DOES 1-50 | **SUMMONS** |
| (said names being fictitious, jointly, | |
| severally or in the alternative), | |
| Defendants. | |

**From the State of New Jersey**

To The Defendants Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

1

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

      If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michele M. Smith, Esq.

Michele M. Smith, Esq.
Clerk of the Superior Court

Dated:  March 15, 2021

Name of Defendant to be Served:  **CAESERS ENTERTAINMENT CORP.**
Address of Defendant to be Served: **1900 Pacific Ave., Atlantic City, NJ 08401**

2

ATL-L-000815-21   04/15/2021 3:38:02 PM  Pg 4 of 10 Trans ID: LCV2021979510
Case 1:21-cv-11318-NLH-SAK   Document 1   Filed 05/17/21   Page 48 of 80 PageID: 48

ATL-L-000815-21   03/19/2021 8:58:09 AM Pg 1 of 5 Trans ID: LCV2021595184

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

| | |
|---|---|
| AHMED KAIR,<br><br>          Plaintiff,<br><br>v.<br><br>BALLY'S PARK PLACE, INC. D/B/A BALLY'S ATLANTIC CITY; CAESER'S ENTERTAINMENT CORP.; ABC CORPORATIONS; XYZ PARTNERSHIPS, and JOHN DOES 1-50 (said names being fictitious, jointly, severally or in the alternative),<br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-815-21<br><br><br>__Civil Action__<br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Ahmed Kair, residing at ███████████, City of Atlantic City,

State of New Jersey, by way of Complaint, says:

## FIRST COUNT

1.     On or about March 31, 2019, plaintiff, Ahmed Kair, was lawfully on the premises

of defendants Bally's Park Place, Inc. d/b/a Bally's Atlantic City, Caeser's Entertainment

Corp., ABC Corporations, XYZ Partnerships, and John Does 1-50, located at 2100

Pacific Ave., City of Atlantic City, State of New Jersey, and was caused to become

injured due to the defective condition of the property owned and maintained by the

aforesaid defendants at that location. (Defendants Bally's Park Place, Inc. d/b/a Bally's

ATL-L-000815-21   04/15/2021 3:38:02 PM  Pg 5 of 10 Trans ID: LCV2021979510
Case 1:21-cv-11318-NLH-SAK   Document 1   Filed 05/17/21   Page 49 of 80 PageID: 49

ATL-L-000815-21   03/19/2021 8:58:09 AM  Pg 2 of 5 Trans ID: LCV2021595184

Atlantic City, Caeser's Entertainment Corp., ABC Corporations, XYZ Partnerships, and John Does 1-50 are hereinafter collectively referred to as "Defendants").

2.      Defendants were negligent in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warnings on the premises; failed to provide proper safe and clear access to persons allowed and invited to use the premises; failed to provide a safe area of ingress and egress; failed to correct a known defect in the premises; and were otherwise negligent.

3.      As a direct and proximate result of the negligence of Defendants, as aforesaid, plaintiff was injured and became disabled; he received injuries of a temporary and permanent character; was obliged to expend sums of money for medical and hospital treatment and will in the future incur medical and hospital treatment will in the future incur medical and hospital expenses for treatment of his injuries; he was unable to engage in his usual and customary daily vocation and activities; he has endured and will continue to endure great pain and suffering, and has been permanently injured and disabled.

4.      Defendants, ABC Corporation, XYZ Partnerships and John Does 1-50 are fictitious name designations, whose identities are unknown at this time but who may become known through continuing discovery and may be determined to be wholly or partially responsible to plaintiff for the defective condition and negligence that caused her to become injured.

        **WHEREFORE,** Plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

Page **2** of **5**

ATL-L-000815-21   04/15/2021 3:38:02 PM   Pg 6 of 10 Trans ID: LCV2021979510
Case 1:21-cv-11318-NLH-SAK   Document 1   Filed 05/17/21   Page 50 of 80 PageID: 50

ATL-L-000815-21   03/19/2021 8:58:09 AM   Pg 3 of 5 Trans ID: LCV2021595184

## SECOND COUNT

1.    Plaintiff repeats and re-alleges the First Count as if set forth herein at length.

2.    Defendants improperly constructed and/or maintained the premises which caused plaintiff to become injured.

WHEREFORE, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## THIRD COUNT

1.    Plaintiff repeats and re-alleges the First and Second Counts as if set forth herein at length.

2.    Defendants were under a duty to provide a safe place for the plaintiff and to provide supervision and security of the aforementioned premises and were under a duty to exercise care in protecting the safety and well-being of the plaintiff.

3.    Defendants, through their agents, servants and/or employees, negligently supervised the aforementioned premises.

WHEREFORE, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FOURTH COUNT

1.    Plaintiff repeats and re-alleges the First, Second and Third Counts as if set forth herein at length.

2.    Defendants negligently designed the premises which caused plaintiff to become injured.

WHEREFORE, plaintiff demands Judgment against the Defendants for damages,

ATL-L-000815-21   04/15/2021 3:38:02 PM  Pg 7 of 10 Trans ID: LCV2021979510
Case 1:21-cv-11318-NLH-SAK   Document 1   Filed 05/17/21   Page 51 of 80 PageID: 51

ATL-L-000815-21   03/19/2021 8:58:09 AM  Pg 4 of 5 Trans ID: LCV2021595184

interest and costs of suit.

## FIFTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third and Fourth Counts as if set forth herein at length.

2.      Defendants expressly and impliedly warranted the premises as a suitable place to be used for the purposes for which it was intended and was used and which said warranties were breached.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## SIXTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third, Fourth and Fifth Counts as if set forth herein at length.

2.      Plaintiff alleges that the theory or res ipsa loquitur applies and that the Defendants are culpable and negligent by reason of same and hence liable to plaintiff.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: March 19, 2021

/s/ Keith E. Zaid, Esquire

KEITH E. ZAID, ESQUIRE

## JURY DEMAND

Plaintiff demands a trial by jury.

Page **4** of **5**

ATL-L-000815-21   04/15/2021 3:38:02 PM  Pg 8 of 10 Trans ID: LCV2021979510
Case 1:21-cv-11318-NLH-SAK   Document 1   Filed 05/17/21   Page 52 of 80 PageID: 52

ATL-L-000815-21   03/19/2021 8:58:09 AM  Pg 5 of 5 Trans ID: LCV2021595184

## TRIAL ATTORNEY DESIGNATION

Robert S. Shiekman, Esq. is hereby designated as trial attorney in the above-captioned matter for the firm of Keith E. Zaid, P.A. pursuant to R. 4:25, et seq.

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: March 19, 2021

/s/ Keith E. Zaid, Esquire
KEITH E. ZAID, ESQUIRE

ATL-L-000815-21   04/15/2021 3:38:02 PM  Pg 9 of 10 Trans ID: LCV2021979510
Case 1:21-cv-11318-NLH-SAK   Document 1   Filed 05/17/21   Page 53 of 80 PageID: 53

ATL-L-000815-21   03/12/2021 10:52:44 AM  Pg 1 of 1 Trans ID: LCV2021544565

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-000815-21**

**Case Caption:** KAIR AHMED  VS BALLY'S PARK PLACE, INC.

**Case Initiation Date:** 03/12/2021

**Attorney Name:** ROBERT S SHIEKMAN

**Firm Name:** KEITH E. ZAID, PA

**Address:** 1548 ATLANTIC AVE
ATLANTIC CITY NJ 08401

**Phone:** 6093471159

**Name of Party:** PLAINTIFF : Kair, Ahmed

**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Ahmed Kair?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/12/2021
Dated

/s/ ROBERT S SHIEKMAN
Signed

ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM

DATE:    MARCH 12, 2021
RE:      KAIR AHMED  VS BALLY'S PARK PLACE,  INC.
DOCKET: ATL L -000815 21

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (609) 402-0100 EXT 47790.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: ROBERT S. SHIEKMAN
KEITH E. ZAID, PA
1548 ATLANTIC AVE
ATLANTIC CITY    NJ 08401

ECOURTS

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

---

| | |
|---|---|
| AHMED KAIR,<br><br>          Plaintiff,<br><br>v.<br><br>BALLY'S PARK PLACE, INC. D/B/A<br>BALLY'S ATLANTIC CITY;<br>CAESER'S ENTERTAINMENT CORP.;<br>ABC CORPORATIONS; XYZ<br>PARTNERSHIPS, and JOHN DOES 1-50<br>(said names being fictitious, jointly,<br>severally or in the alternative),<br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-815-21<br><br>**Civil Action**<br>**NOTICE OF MOTION** |

**PLEASE TAKE NOTICE** that the undersigned will apply to the above-named Court, at 1201 Bacharach Blvd., Atlantic City, New Jersey on Friday, May 14, 2021, at 9:00a.m., or as soon thereafter as counsel may be heard, for an Order Granting Leave for plaintiff Ahmed Kair to File a Second Amended Complaint.

**PLEASE TAKE NOTICE** that reliance will be placed upon the attached Brief and Certification of Counsel.

Pursuant to R. 1:6-2(d) the undersigned waives oral argument and consents to disposition on the papers unless opposition is filed.

A proposed form of Order is attached.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated:  4 - 23. 71

ROBERT S. SHIEKMAN, ESQ.

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

_____

AHMED KAIR,

               Plaintiff,

v.

BALLY'S PARK PLACE, INC. D/B/A
BALLY'S ATLANTIC CITY;
CAESER'S ENTERTAINMENT CORP.;
ABC CORPORATIONS; XYZ
PARTNERSHIPS, and JOHN DOES 1-50
(said names being fictitious, jointly,
severally or in the alternative),

               Defendants.

_____

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ATLANTIC COUNTY

DOCKET NO.: ATL-L-815-21

**Civil Action**
**ORDER**

      **THIS MATTER** having come before the Court upon the application of Robert S. Shiekman, Esq. of the Law Offices of Keith E. Zaid, P.A., counsel for plaintiff Ahmed Kair, for an Order permitting Leave to File a Second Amended Complaint, and counsel for Bally's Park Place, LLC d/b/a Bally's Atlantic City, Christine J. Viggiano., Esq. of Reilly, McDevitt & Henrich, P.C., having been properly noticed and having given her consent,

      **IT IS** on this _____ day of May, 2021,

      **ORDERED AND ADJUDGED** that plaintiff Ahmed Kair's motion for Leave to File a Second Amended Complaint is hereby **GRANTED**; and

      This Order has been served upon all parties via E-Courts.

                   _____
                   HONORABLE JAMES P. SAVIO, J.S.C.

Motion Opposed (  )
Motion Unopposed (  )

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

| | |
|---|---|
| AHMED KAIR, <br><br> Plaintiff, <br><br> v. <br><br> BALLY'S PARK PLACE, INC. D/B/A BALLY'S ATLANTIC CITY; CAESER'S ENTERTAINMENT CORP.; ABC CORPORATIONS; XYZ PARTNERSHIPS, and JOHN DOES 1-50 (said names being fictitious, jointly, severally or in the alternative), <br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> ATLANTIC COUNTY <br><br> DOCKET NO.: ATL-L-815-21 <br><br><br><br> **Civil Action** <br> **CERTIFICATION OF COUNSEL** |

I, Robert S. Shiekman, Esq., certify as follows:

1. I am an attorney at law in the State of New Jersey and am designated as trial attorney for the Law Offices of Keith E. Zaid, P.A., counsel for the plaintiff Ahmed Kair in the above-captioned action, and as such, I am fully familiar with the facts set forth herein; I make this Certification in support of plaintiff's motion for Leave to File a Second Amended Complaint.

2. This matter arises out of an incident that occurred on March 31, 2019 wherein plaintiff Ahmed Kair was injured while lawfully on the premises of defendant Bally's Park Place, LLC d/b/a Bally's Atlantic City in Atlantic City, New Jersey.

3. Plaintiff Ahmed Kair filed a Complaint on March 12, 2021.

4. Plaintiff Ahmed Kair filed a First Amended Complaint on March 19, 2021.

5. A motion to Dismiss Plaintiff's Complaint was filed on April 15, 2021 by Christine J. Viggiano, Esq., counsel for defendant Bally's Park Place, LLC d/b/a Bally's Atlantic City.

6. After correspondence with Ms. Viggiano, the proposed Second Amended Complaint will: 1) satisfy defendant as to the Complaint's substance (the issue in the motion to dismiss); 2) correct the legal name of one party (Bally's Park Place, Inc. d/b/a Bally's Atlantic City will be corrected to Bally's Park Place, LLC d/b/a Bally's Atlantic City); and, 3) remove a party (Caeser's Entertainment Corp.) from the Case Caption and body of the Complaint that bears no liability in this action.

7. Due diligence was conducted by this firm and it is both appropriate and necessary to remove Caeser's Entertainment Corp. as a defendant; furthermore, counsel for Bally's Park Place, LLC d/b/a Bally's Atlantic City has confirmed Bally's Park Place, LLC d/b/a Bally's Atlantic City's responsibility for the premises in question.

8. Counsel for Bally's Park Place, LLC d/b/a Bally's Atlantic City has consented to plaintiff's Request for Leave to File the Second Amended Complaint as attached to this Certification.

9. A proposed Second Amended Complaint and Jury Demand is annexed hereto as "Exhibit A".

10. The discovery end date in this matter is not yet set as no Answer has been filed.

11. The matter has not been listed for Arbitration or Trial.

I hereby Certify that the statements made by me are true. I am aware if any of the statements made by me are willfully false, I may be subject to punishment.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: 4-23-21

ROBERT S. SHIEKMAN, ESQ.

# EXHIBIT A

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

| | |
|---|---|
| AHMED KAIR,<br><br>                    Plaintiff, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY |
| v. | DOCKET NO.: ATL-L-815-21 |
| BALLY'S PARK PLACE, LLC D/B/A<br>BALLY'S ATLANTIC CITY;<br>ABC CORPORATIONS; XYZ<br>PARTNERSHIPS, and JOHN DOES 1-50<br>(said names being fictitious, jointly,<br>severally or in the alternative),<br>                    Defendants. | **Civil Action**<br>**SECOND AMENDED COMPLAINT** |

Plaintiff, Ahmed Kair, residing at ███████████, City of Atlantic City,

State of New Jersey, by way of Complaint, says:

## FIRST COUNT

1.     On or about March 31, 2019, plaintiff, Ahmed Kair, was lawfully on the premises

of defendants Bally's Park Place, LLC d/b/a Bally's Atlantic City, ABC Corporations,

XYZ Partnerships, and John Does 1-50, located at 2100 Pacific Ave., City of Atlantic

City, State of New Jersey, and was caused to become injured due to defective conditions

including, but not limited to, at least one of the seats and/or the flooring the seat was

connected to on the property owned and maintained by the aforesaid defendants at that

location. (Defendants Bally's Park Place, LLC d/b/a Bally's Atlantic City, ABC

Page **1** of **5**

Corporations, XYZ Partnerships, and John Does 1-50 are hereinafter collectively referred to as "Defendants").

2.      Defendants were negligent in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warnings on the premises; failed to provide proper safe and clear access to persons allowed and invited to use the premises; failed to provide a safe area of ingress and egress; failed to correct a known defect in the premises; and were otherwise negligent.

3.      As a direct and proximate result of the negligence of Defendants, as aforesaid, plaintiff was injured and became disabled; he received injuries of a temporary and permanent character to various parts of his body including, but not limited to, his back and knees; was obliged to expend sums of money for medical and hospital treatment and will in the future incur medical and hospital treatment will in the future incur medical and hospital expenses for treatment of his injuries; he was unable to engage in his usual and customary daily vocation and activities; he has endured and will continue to endure great pain and suffering, and has been permanently injured and disabled.

4.      Defendants, ABC Corporation, XYZ Partnerships and John Does 1-50 are fictitious name designations, whose identities are unknown at this time but who may become known through continuing discovery and may be determined to be wholly or partially responsible to plaintiff for the defective condition and negligence that caused her to become injured.

        **WHEREFORE,** Plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

Page **2** of **5**

## SECOND COUNT

1.      Plaintiff repeats and re-alleges the First Count as if set forth herein at length.

2.      Defendants improperly constructed and/or maintained the premises which caused plaintiff to become injured.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and re-alleges the First and Second Counts as if set forth herein at length.

2.      Defendants were under a duty to provide a safe place for the plaintiff and to provide supervision and security of the aforementioned premises and were under a duty to exercise care in protecting the safety and well-being of the plaintiff.

3.      Defendants, through their agents, servants and/or employees, negligently supervised the aforementioned premises.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second and Third Counts as if set forth herein at length.

2.      Defendants negligently designed the premises which caused plaintiff to become injured.

Page **3** of **5**

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FIFTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third and Fourth Counts as if set forth herein at length.

2.      Defendants expressly and impliedly warranted the premises as a suitable place to be used for the purposes for which it was intended and was used and which said warranties were breached.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## SIXTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third, Fourth and Fifth Counts as if set forth herein at length.

2.      Plaintiff alleges that the theory or res ipsa loquitur applies and that the Defendants are culpable and negligent by reason of same and hence liable to plaintiff.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

Dated: April 23, 2021

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

KEITH E. ZAID, ESQUIRE

Page **4** of **5**

## JURY DEMAND

Plaintiff demands a trial by jury.

## TRIAL ATTORNEY DESIGNATION

Robert S. Shiekman, Esq. is hereby designated as trial attorney in the above-captioned matter for the firm of Keith E. Zaid, P.A. pursuant to R. 4:25, et seq.

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: April 23, 2021

KEITH E. ZAID, ESQUIRE

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

|  |  |
|---|---|
| AHMED KAIR,<br><br>                          Plaintiff, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY |
| v. | DOCKET NO.: ATL-L-815-21 |
| BALLY'S PARK PLACE, INC. D/B/A<br>BALLY'S ATLANTIC CITY;<br>CAESER'S ENTERTAINMENT CORP.;<br>ABC CORPORATIONS; XYZ<br>PARTNERSHIPS, and JOHN DOES 1-50<br>(said names being fictitious, jointly,<br>severally or in the alternative),<br>                          Defendants. | **Civil Action**<br>**BRIEF** |

## LEGAL ARGUMENT

Rule 4:9-1 states that a party may amend any pleading as a matter of course at any

time before a responsive pleading is served or, if the pleading is one to which no

responsive pleading is to be served, and the action has not been placed upon the trial

calendar, at any time within 90 days after it is served. After the 90 day period has

expired, a party may amend a pleading only by written consent of the adverse party or by

leave of Court. Nevertheless, in Coastal Group v. Dryvit Systems, 274 N.J. Super. 171,

180 (App. Div. 1994), *leave to appeal granted and* remanded 147 N.J. 574 (1997), the

Appellate Division stated that the broad power to amend pleadings should be liberally

exercised at any state of the proceedings, including on remand after appeal, unless undue

prejudice would result. Further, a motion for leave to amend should be granted without

1

consideration of the ultimate merits of the amendment. <u>Kernan v. One Washington Park</u>, 154 <u>N.J.</u> 437, 456-7 (1998). A motion for leave to amend shall have annexed thereto a copy of the proposed amended pleading.

In the instant matter, plaintiff Ahmed Kair seeks leave of Court to correct one party's legal name in the Case Caption and Complaint, remove a party incorrectly named as a direct defendant and make some minor changes to the Complaint with regards to specifically naming the hazard that caused the injury and specifying some of the injuries the plaintiff suffered. The Discovery period has not yet begun as no Answer has been filed to either the original Complaint or the First Amended Complaint. Counsel for Bally's Park Place, LLC d/b/a Bally's Atlantic City has consented to the filing of the Second Amended Complaint as attached to this motion.

As such, it is respectfully requested that this Honorable Court permit plaintiff Ahmed Kair to file the Second Amended Complaint.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: 4.23.21

ROBERT S. SHIEKMAN, ESQ.

2

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

---

| | |
|---|---|
| AHMED KAIR,<br><br>          Plaintiff,<br><br>v.<br><br>BALLY'S PARK PLACE, INC. D/B/A<br>BALLY'S ATLANTIC CITY;<br>CAESER'S ENTERTAINMENT CORP.;<br>ABC CORPORATIONS; XYZ<br>PARTNERSHIPS, and JOHN DOES 1-50<br>(said names being fictitious, jointly,<br>severally or in the alternative),<br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-815-21<br><br><br><br>**Civil Action**<br>**CERTIFICATION OF FILING**<br>**AND SERVICE** |

In compliance with Rule 1:6, et seq., the original of the within Notice of Motion, Brief, Certification of Counsel and Proposed Form of Order have been electronically filed with the Superior Court of New Jersey, Atlantic County, and a copy has been served electronically upon the following pursuant to Rule 1:5, et seq.:

> Christine J. Viggiano., Esquire
> Reilly, McDevitt & Henrich, P.C.
> 3 Executive Campus, Suite 310
> Cherry Hill, New Jersey 08002

I hereby Certify that the statements made by me are true. I am aware if any of the statements made by me are willfully false, I may be subject to punishment.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: 4-23-21

ROBERT S. SHIEKMAN, ESQ.

### KEITH E. ZAID, P.A.
#### A Professional Corporation
#### ATTORNEY AT LAW
_____

**By Appointment:**
**1907 New Road**
**Northfield, NJ 08225**
**(609) 926-8611**

**1548 Atlantic Avenue**
**Atlantic City, New Jersey 08401**
**(609) 347-1159**
**FAX (609) 348-4410**
*Reply to Atlantic City Office*

**By Appointment:**
**19 Phelps Ave., 3rd Fl.**
**Tenafly, NJ 07670**
**(201) 569-5335**

**\* Keith E. Zaid, Esq.**
keith@keithzaidpa.com

**\* Robert S. Shiekman, Esq.**
robert@keithzaidpa.com

April 23, 2021

Clerk of the Law Division
Superior Court of Atlantic County
1201 Bacharach Blvd.
Atlantic City, NJ 08401

**RE: Kair v. Bally's Park Place, Inc. d/b/a Bally's Atlantic City, et als.**
**DOCKET NO.: ATL-L-815-21**

Dear Sir or Madam:

This firm represents Ahmed Kair, the plaintiff in the above-referenced action.

Please find a Notice of Motion for Leave to File a Second Amended Complaint, Brief, Certification of Counsel with Second Amended Complaint attached as an Exhibit, Certification of Filing and Service and proposed Order uploaded for filing.

Thank you for your attention to this matter.

Very truly yours,
Law Offices of Keith E. Zaid, P.A.

/s/ Robert S. Shiekman

ROBERT S. SHIEKMAN

cc:    Christine J. Viggiano, Esq., counsel for the defendant via E-courts and E-mail

# REILLY, MCDEVITT & HENRICH, P.C.

ATTORNEYS AT LAW
SUITE 310
3 EXECUTIVE CAMPUS
CHERRY HILL, NJ 08002

————

(856) 317-7180
FAX: (856) 317-7188
www.rmh-law.com

**PHILADELPHIA OFFICE**
WIDENER BUILDING
SUITE 410
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA  19107
(215) 972-5200
FAX: (215) 972-0405

**DELAWARE OFFICE**
1013 CENTRE ROAD
SUITE 210
WILMINGTON, DE  19805
(302) 777-1700
FAX:  (302) 777-1705

Christine J. Viggiano, Esquire
Member NJ & NY Bars
cviggiano@rmh-law.com

April 26, 2021

***VIA E-FILING***
Honorable James P. Savio, J.S.C.
Atlantic County Civil Courts Building
1201 Bacharach Boulevard, 3rd Floor
Atlantic City, NJ 08401

> **RE:** **Ahmed Kair v. Bally's Park Place, Inc. d/b/a Bally's Atlantic City and Caesars Entertainment Corp.**
> **Docket No. ATL-L-815-21**
> **Our File No.  279-1051**

Dear Judge Savio:

Reference is made to the above matter.  Currently pending before Your Honor is Defendant's Motion to Dismiss Plaintiff's Complaint returnable on May 14, 2021.  Please be advised that the undersigned is respectfully withdrawing said Motion as it is now Moot.

Please do not hesitate to contact the undersigned with any questions.

Very truly yours,

**REILLY, MCDEVITT & HENRICH, P.C.**

By: /s/ *Christine J. Viggiano*
Christine J. Viggiano

CJV/wrh
Enclosure
cc:    Keith E. Zaid, Esq. (Via e-filing)
       Robert S. Shiekman, Esq. (Via e-filing)

1

AHMED KAIR,

          Plaintiff,

v.

BALLY'S PARK PLACE, INC. D/B/A
BALLY'S ATLANTIC CITY;
CAESER'S ENTERTAINMENT CORP.;
ABC CORPORATIONS; XYZ
PARTNERSHIPS, and JOHN DOES 1-50

(said names being fictitious, jointly,

severally or in the alternative),
          Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ATLANTIC COUNTY

DOCKET NO.: ATL-L-815-21

**Civil Action**

**ORDER ALLOWING THE FILING OF
SECOND AMENDED COMPLAINT WITHIN
20 DAYS**

      **THIS MATTER** having come before the Court upon the application of Robert S. Shiekman, Esquire, of the Law Offices of Keith E. Zaid, P.A., attorneys for Plaintiff, Ahmed Kair, for an Order permitting Leave to File a Second Amended Complaint; and the Court having considered the moving papers, without any opposition filed thereto; and good cause appearing and for the reasons set forth in the attached opinion;

      **IT IS** on this 17th day of May, 2021,**ORDERED AND ADJUDGED** that plaintiff Ahmed Kair's motion for Leave to File a Second Amended Complaint is hereby granted; and it is further,

      **ORDERED** that plaintiff shall filed the second amended complaint within the next 20 days; and it is further

      **ORDERED** that this Order has been served upon all parties via E-Courts.

_____
HONORABLE JAMES P. SAVIO, J.S.C.

NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE COMMITTEE ON OPINIONS

| | | |
|---|---|---|
| Ahmed Kair, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-815-21 |
| | : | |
| Bally's Park Place, Inc., d/b/a Bally's Atlantic | : | CIVIL ACTION |
| City, et al., | : | |
| | : | OPINION |
| Defendants. | : | |
| | : | |

Plaintiff, Ahmed Kair, brings this motion seeking to amend the Complaint. The Complaint was filed on March 12, 2021. This is a personal injury action filed as the result of an incident that occurred on March 31, 2019, when plaintiff apparently fell on Defendant's premise. On March 19, 2021, Plaintiff filed an Amended Complaint. On April 23, 2021, Plaintiff filed this motion to amend the Complaint for a second time. None of the Defendants have filed an Answer.

R. 4:9-1 provides:

A party may amend any pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served, and the action has not been placed upon the trial calendar, at any time within 90 days after it is served. Thereafter a party may amend a pleading only by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice. A motion for leave to amend shall have annexed thereto a copy of the proposed amended pleading. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 20 days after service of the amended pleading, whichever period is longer, unless the court otherwise orders.

The rule contemplates a liberal standard for the amendment of pleadings, "which shall be freely given in the interest of justice." R. 4:9-1; See also; Kernan v. One Washington Park Urban Renewal Associates, 154 N.J. 437, 456-457 (1998) (leave to amend is to be liberally granted without consideration of the ultimate merits); Coastal Group, Inc. v. Dryvit Systems, Inc., 274 N.J.

Super. 171, 180 (App. Div. 1994) (leave to amend to be liberally exercised at any stage of the proceedings). The plaintiff has attached a copy of the proposed Amended Complaint in compliance with the rule.

The motion judge must engage in a two-step evaluation, weighing "whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). Where "the amendment is so meritless that a motion to dismiss . . . would have to be granted," a judge may deny the motion to amend under "the so-called futility prong of the analysis." Pressler & Verniero, Current N.J. Court Rules, comment 2.2.1 on R. 4:9-1 (2014).

The Court is satisfied at this juncture that the non-moving parties will not be prejudiced and that there has been no showing that the amendment would be futile. Accordingly, Plaintiff's motion to file a second amended complaint is granted. The Second Amended Complaint shall be filed and served no later than twenty days after this decision.

An appropriate Order has been entered. Conformed copies will accompany this opinion. A copy of the Order and a copy of this opinion shall be served on all counsel of record within the next seven days.

James P. Savio, J.S.C.

KEITH E. ZAID, ESQ.
Bar No.: 013061981
ROBERT S. SHIEKMAN, ESQ.
Bar No.: 040632008
KEITH E. ZAID, P.A.
1548 Atlantic Avenue
Atlantic City, New Jersey 08401
(609) 347-1159
Attorneys for Plaintiff

---

| | |
|---|---|
| AHMED KAIR,<br><br>                    Plaintiff,<br><br>v.<br><br>BALLY'S PARK PLACE, LLC D/B/A<br>BALLY'S ATLANTIC CITY;<br>ABC CORPORATIONS; XYZ<br>PARTNERSHIPS, and JOHN DOES 1-50<br>(said names being fictitious, jointly,<br>severally or in the alternative),<br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ATLANTIC COUNTY<br><br>DOCKET NO.: ATL-L-815-21<br><br><br>**<u>Civil Action</u>**<br>**SECOND AMENDED COMPLAINT** |

Plaintiff, Ahmed Kair, residing at ███████████████, City of Atlantic City,

State of New Jersey, by way of Complaint, says:

## <u>FIRST COUNT</u>

1.      On or about March 31, 2019, plaintiff, Ahmed Kair, was lawfully on the premises

of defendants Bally's Park Place, LLC d/b/a Bally's Atlantic City, ABC Corporations,

XYZ Partnerships, and John Does 1-50, located at 2100 Pacific Ave., City of Atlantic

City, State of New Jersey, and was caused to become injured due to defective conditions

including, but not limited to, at least one of the seats and/or the flooring the seat was

connected to on the property owned and maintained by the aforesaid defendants at that

location. (Defendants Bally's Park Place, LLC d/b/a Bally's Atlantic City, ABC

Corporations, XYZ Partnerships, and John Does 1-50 are hereinafter collectively referred to as "Defendants").

2.      Defendants were negligent in that they did not keep the premises in a safe condition; did not exercise proper care; caused a dangerous and hazardous condition to exist; allowed a nuisance to exist; failed to provide proper safeguards and/or warnings on the premises; failed to provide proper safe and clear access to persons allowed and invited to use the premises; failed to provide a safe area of ingress and egress; failed to correct a known defect in the premises; and were otherwise negligent.

3.      As a direct and proximate result of the negligence of Defendants, as aforesaid, plaintiff was injured and became disabled; he received injuries of a temporary and permanent character to various parts of his body including, but not limited to, his back and knees; was obliged to expend sums of money for medical and hospital treatment and will in the future incur medical and hospital treatment will in the future incur medical and hospital expenses for treatment of his injuries; he was unable to engage in his usual and customary daily vocation and activities; he has endured and will continue to endure great pain and suffering, and has been permanently injured and disabled.

4.      Defendants, ABC Corporation, XYZ Partnerships and John Does 1-50 are fictitious name designations, whose identities are unknown at this time but who may become known through continuing discovery and may be determined to be wholly or partially responsible to plaintiff for the defective condition and negligence that caused her to become injured.

        **WHEREFORE,** Plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

Page **2** of **5**

## SECOND COUNT

1.      Plaintiff repeats and re-alleges the First Count as if set forth herein at length.

2.      Defendants improperly constructed and/or maintained the premises which caused plaintiff to become injured.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## THIRD COUNT

1.      Plaintiff repeats and re-alleges the First and Second Counts as if set forth herein at length.

2.      Defendants were under a duty to provide a safe place for the plaintiff and to provide supervision and security of the aforementioned premises and were under a duty to exercise care in protecting the safety and well-being of the plaintiff.

3.      Defendants, through their agents, servants and/or employees, negligently supervised the aforementioned premises.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FOURTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second and Third Counts as if set forth herein at length.

2.      Defendants negligently designed the premises which caused plaintiff to become injured.

Page **3** of **5**

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## FIFTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third and Fourth Counts as if set forth herein at length.

2.      Defendants expressly and impliedly warranted the premises as a suitable place to be used for the purposes for which it was intended and was used and which said warranties were breached.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

## SIXTH COUNT

1.      Plaintiff repeats and re-alleges the First, Second, Third, Fourth and Fifth Counts as if set forth herein at length.

2.      Plaintiff alleges that the theory or res ipsa loquitur applies and that the Defendants are culpable and negligent by reason of same and hence liable to plaintiff.

**WHEREFORE**, plaintiff demands Judgment against the Defendants for damages, interest and costs of suit.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: May 17, 2021

/s/ Keith E. Zaid, Esquire
_____
KEITH E. ZAID, ESQUIRE

## JURY DEMAND

Page **4** of **5**

Plaintiff demands a trial by jury.

## **TRIAL ATTORNEY DESIGNATION**

Robert S. Shiekman, Esq. is hereby designated as trial attorney in the above-captioned matter for the firm of Keith E. Zaid, P.A. pursuant to <u>R.</u> 4:25, <u>et seq.</u>

## **CERTIFICATION**

Pursuant to Rule 4:5-1, it is hereby certified that to the best of my knowledge and belief, there are no other pending actions or proceedings involving the matter in controversy, none are contemplated, and I do not presently know the identity of any other party who should be joined.

Law Offices of Keith E. Zaid, P.A.
Attorneys for the Plaintiff

Dated: May 17, 2021

/s/ Keith E. Zaid, Esquire
KEITH E. ZAID, ESQUIRE

AHMED KAIR,

          Plaintiff,

v.

BALLY'S PARK PLACE, INC. D/B/A
BALLY'S ATLANTIC CITY;
CAESER'S ENTERTAINMENT CORP.;
ABC CORPORATIONS; XYZ
PARTNERSHIPS, and JOHN DOES 1-50

(said names being fictitious, jointly,

severally or in the alternative),

          Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ATLANTIC COUNTY

DOCKET NO.: ATL-L-815-21

**Civil Action**

**ORDER ALLOWING THE FILING OF
SECOND AMENDED COMPLAINT WITHIN
20 DAYS**

      **THIS MATTER** having come before the Court upon the application of Robert S. Shiekman, Esquire, of the Law Offices of Keith E. Zaid, P.A., attorneys for Plaintiff, Ahmed Kair, for an Order permitting Leave to File a Second Amended Complaint; and the Court having considered the moving papers, without any opposition filed thereto; and good cause appearing and for the reasons set forth in the attached opinion;

      **IT IS** on this 17th day of May, 2021, **ORDERED AND ADJUDGED** that plaintiff Ahmed Kair's motion for Leave to File a Second Amended Complaint is hereby granted; and it is further,

      **ORDERED** that plaintiff shall filed the second amended complaint within the next 20 days; and it is further

      **ORDERED** that this Order has been served upon all parties via E-Courts.

                              _____
                    HONORABLE JAMES P. SAVIO, J.S.C.

NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE COMMITTEE ON OPINIONS

| | | |
|---|---|---|
| Ahmed Kair, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-815-21 |
| | : | |
| Bally's Park Place, Inc., d/b/a Bally's Atlantic | : | CIVIL ACTION |
| City, et al., | : | |
| | : | OPINION |
| Defendants. | : | |
| | : | |

Plaintiff, Ahmed Kair, brings this motion seeking to amend the Complaint. The Complaint

was filed on March 12, 2021. This is a personal injury action filed as the result of an incident that

occurred on March 31, 2019, when plaintiff apparently fell on Defendant's premise. On March 19,

2021, Plaintiff filed an Amended Complaint. On April 23, 2021, Plaintiff filed this motion to

amend the Complaint for a second time. None of the Defendants have filed an Answer.

R. 4:9-1 provides:

A party may amend any pleading as a matter of course at any time before a
responsive pleading is served or, if the pleading is one to which no responsive
pleading is to be served, and the action has not been placed upon the trial calendar,
at any time within 90 days after it is served. Thereafter a party may amend a
pleading only by written consent of the adverse party or by leave of court which
shall be freely given in the interest of justice. A motion for leave to amend shall
have annexed thereto a copy of the proposed amended pleading. A party shall plead
in response to an amended pleading within the time remaining for response to the
original pleading or within 20 days after service of the amended pleading,
whichever period is longer, unless the court otherwise orders.

The rule contemplates a liberal standard for the amendment of pleadings, "which shall be

freely given in the interest of justice." R. 4:9-1; See also; Kernan v. One Washington Park Urban

Renewal Associates, 154 N.J. 437, 456-457 (1998) (leave to amend is to be liberally granted

without consideration of the ultimate merits); Coastal Group, Inc. v. Dryvit Systems, Inc., 274 N.J.

Super. 171, 180 (App. Div. 1994) (leave to amend to be liberally exercised at any stage of the proceedings). The plaintiff has attached a copy of the proposed Amended Complaint in compliance with the rule.

The motion judge must engage in a two-step evaluation, weighing "whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). Where "the amendment is so meritless that a motion to dismiss . . . would have to be granted," a judge may deny the motion to amend under "the so-called futility prong of the analysis." Pressler & Verniero, Current N.J. Court Rules, comment 2.2.1 on R. 4:9-1 (2014).

The Court is satisfied at this juncture that the non-moving parties will not be prejudiced and that there has been no showing that the amendment would be futile.  Accordingly, Plaintiff's motion to file a second amended complaint is granted. The Second Amended Complaint shall be filed and served no later than twenty days after this decision.

An appropriate Order has been entered. Conformed copies will accompany this opinion. A copy of the Order and a copy of this opinion shall be served on all counsel of record within the next seven days.

James P. Savio, J.S.C.